UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-21301-MC-UNGARO/O'SULLIVAN

THE TRUSTEES OF AMALGAMATED
INSURANCE FUND,
    Plaintiff,

v.

JORDAN MANUFACTURING CORP.,
    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel Discovery in Aid of Execution (DE # 4, 9/7/07).  Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Discovery in Aid of Execution (DE # 4, 9/7/07) is DENIED.

The plaintiff has requested discovery from non-party Jay Zipper in this matter in an attempt to demonstrate that Mr. Zipper is the alter ego of the defendant corporation.  Mr. Zipper was an officer and shareholder of the defendant corporation.  The defendant corporation has not operated since 2001.

Rule 69(a) of the Federal Rules of Civil Procedure provides, in part, that:

> [i]n aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from **any person**, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a) (emphasis added). "Under this Rule, discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules . . . all the discovery devices of the Rules may be used as in the progress of the action." <u>Caisson Corporation v. County West Building Corporation</u>, 62 F.R.D. 331, 334 (E.D. Pa. 1974).

While the scope of discovery directed to judgment debtors is broad, generally third parties may be examined only as to the judgment debtor's assets and are not required to disclose their own assets. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe, 148 F.R.D. 256, 257 (N.D. Ind.1993). Moreover, "discovery has been allowed against a non-judgment debtor upon a somewhat heightened showing of **necessity and relevance** - i.e., at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor." Uniden Corporation of America v. Duce Trading Company, Ltd., 89-CV-0878E, 1993 WL 286102, 1 (W.D. N.Y. 1993) (emphasis added).

Judgment creditors have satisfied the necessity and relevance requirement where they have presented some evidence suggesting that the third party is an alter ego or "mere extension" of the judgment creditor. See Falicia v. Advanced Tenant Services, Inc., 235 F.R.D. 5, 7 - 8 (D. D.C. 2006) (noting that discovery of business records of third parties was permissible where judgment creditor presented evidence suggesting that third parties were "mere extensions" of judgment debtor but granting motion to quash subpoenas duces tecum for lack of jurisdiction).  Here the plaintiff has failed to present sufficient evidence to suggest that Mr. Zipper is the alter ego or an extension of the defendant and therefore the plaintiff is not entitled to the discovery of Mr. Zipper's personal finances.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 5th day of February 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Judge Ungaro
All counsel of record